IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELENA PENDERGRASS<br>  a/k/a "Elena Stukalkana,"<br>  a/k/a "Elena Stukalkina,"<br><br>Defendant. | Case No. 1:25-mj-420 |

**AFFIDAVIT IN SUPPORT OF A**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Alissa Thayer, a Special Agent with the Federal Bureau of Investigation ("FBI"), being first duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since 2023. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), empowered by law to conduct investigations of and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

2. I am currently assigned to the Washington Field Office Child Exploitation and Human Trafficking Task Force located at the FBI's Northern Virginia Resident Agency. As part of my duties as an FBI agent, I am responsible for investigating crimes against children, to include kidnappings, sexual exploitation, and human trafficking. As a result of my training and experience, I am familiar with the tactics, methods, and techniques utilized by those who commit such crimes.

As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

3.  I make this affidavit in support of a criminal complaint and arrest warrant charging Elena Pendergrass, also known as "Elena Stukalkina" and "Elena Stukalkana," (hereinafter, "**Elena**"), with international parental kidnapping, in violation of 18 U.S.C. § 1204(a).

4.  I have participated in the investigation of the aforementioned offense. The facts and information contained in this affidavit are based on my personal knowledge of the investigation and information obtained from other law enforcement officers and witnesses, as well as my training and experience. All observations referenced in this affidavit that were not personally made by me were relayed to me by the persons who made such observations or in reports that detailed the events described by those persons. Unless otherwise indicated, where the statements of others are related herein, they are related in sum and substance and not verbatim.

5.  This affidavit contains information necessary to support probable cause and has been prepared only for the purpose of obtaining a criminal complaint and arrest warrant. Therefore, it contains neither all of the information known to me concerning the offense nor every fact learned by the government during the course of its investigation thus far.

## PROBABLE CAUSE

6.  In May 2025, **Elena** and Charles Anthony Hash ("Charles"), who had previously been in a domestic partnership, gave birth to a daughter, A.S., in Alexandria, Virginia. At the time, **Elena** was residing in Fairfax County, Virginia and Charles was residing in Saint Mary's County, Maryland.

7.  **Elena** and Charles separated prior to the birth of their daughter. Also prior to the birth of their daughter, Charles established paternity for the child via buccal swab and **Elena's**

2

blood liquid. This resulted in a probability of paternity greater than 99.9% as determined by the DNA Diagnostics Center.

8. On June 11, 2025, Charles filed an emergency motion for custody of A.S. On June 24, 2025, **Elena** and Charles attended a hearing via telephone with the Fairfax County Juvenile and Domestic Relations Court to discuss a continuation of the emergency custody hearing, requested by **Elena**, who cited difficulty with acquiring counsel. While on the call, the judge refused to delay the emergency custody hearing originally scheduled for July 2, 2025, and instructed **Elena** not to leave the state of Virginia with A.S. **Elena** previously threatened to leave the United States with A.S.

9. On or about June 27, 2025, **Elena** drove from her apartment located in the Eastern District of Virginia to John F. Kennedy International Airport to attend an emergency passport appointment for A.S. A passport was issued the same day for A.S.

10. On June 28, 2025, **Elena** and A.S. flew from John F. Kennedy International Airport to Istanbul, Turkey, continuing on from Istanbul to Kazakhstan. Their presence on the flight to Istanbul was confirmed by United States Customs and Border Protection flight manifests.

11. On July 2, 2025, the emergency custody hearing took place at the Fairfax County Juvenile and Domestic Relations District Court. **Elena** and A.S. were not present at the hearing. The court attempted to contact **Elena** multiple times, all of which went unanswered. At this hearing, the court awarded "TEMPORARY SOLE LEGAL AND PRIMARY PHYSICAL CUSTODY" of A.S. to Charles. A final hearing for this matter is set for August 19, 2025.

12. On July 3, 2025, a text exchange between **Elena** and Charles occurred. **Elena** asked what happened at court the day before and requested that Charles provide her with a copy of the order issued by the judge. Charles provided her with photographs of the order issued by the court

on July 2, 2025, and requested confirmation that she received the information. **Elena** replied to this message with a "thumbs up" emoji.

13. On July 13, 2025, **Elena** flew from Doha, Qatar to John F. Kennedy International Airport. At that time, **Elena** was aware that the Fairfax County Juvenile and Domestic Relations District Court order awarded physical custody to Charles, but she traveled without A.S., who was left outside the country. Her presence on the flight to the United States was confirmed by a United States Customs and Border Protection flight manifest. A.S. was not listed on the flight manifest as being on board.

14. The FBI learned that **Elena** booked a flight out of John F. Kennedy International Airport for July 15, 2025, departing at 11:20 AM. At approximately 10:45 AM on July 15, 2025, before **Elena** could board her flight, agents from the New York Field Office conducted a probable cause arrest at John F. Kennedy International Airport. A.S. was not present at the airport.

## CONCLUSION

15. Based on the facts above, I respectfully submit that there is probable cause to believe that on or about June 27, 2025, and continuing through the date of this affidavit, in Fairfax County, within the Eastern District of Virginia and elsewhere, **Elena** removed A.S. from the United States, and is retaining A.S. outside the United States with intent to obstruct the lawful exercise of parental rights, in violation of Title 18, United States Code, Section 1204.

16. Accordingly, I request that a complaint be issued charging Elena Pendergrass, also known as "Elena Stukalkina" and "Elena Stukalkana," with such offense.

Respectfully submitted,

ALISSA THAYER
Digitally signed by ALISSA THAYER
Date: 2025.07.15 13:12:31 -04'00'

Alissa Thayer
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to in accordance with
Fed. R. Crim. P. 4.1 by telephone on
July 15, 2025.

Digitally signed by Ivan Davis
Date: 2025.07.15 13:30:39 -04'00'
_____
The Honorable Ivan D. Davis
United States Magistrate Judge